IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**DANIEL CASTELLI** | **Case No. 2:19-cr-00071-JDW-2** |

### MEMORANDUM

In January 2022, Daniel Castelli pled guilty to a series of racketeering-related charges, one of which came with a mandatory minimum of 5 years of imprisonment. Mr. Castelli and the Government reached a plea deal for Mr. Castelli to serve that mandatory minimum, and the former judge assigned to this matter accepted it. Because Mr. Castelli's sentence was based on this statutory mandatory minimum, he cannot pursue a reduction in his sentence now.

### I.   BACKGROUND

In a superseding indictment from November 18, 2020, the Government charged Mr. Castelli with racketeering conspiracy in violation of 18 U.S.C. § 1962(d) (Count One), conspiracy to commit Hobbs Act extortion in violation of 18 U.S.C. §1951(a) (Count Five), and conspiracy to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B) (Count Six). On January 20, 2022, Mr. Castelli entered into a plea agreement with the Government pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) (a "C-plea"), by which he agreed

to plead guilty to Counts One and Six, and the Government agreed to dismiss Count Five. Mr. Castelli faced a mandatory minimum of 5 years of imprisonment for Count Six. *See* 21 U.S.C. § 841(b)(1)(B). In the plea agreement, the Parties stipulated that the appropriate sentence was the combined statutory mandatory minimum sentence of 5 years ( 60 months). On May 26, 2022, the Honorable Barclay Surrick accepted the C-plea and sentenced Mr. Castelli to the mandatory minimum of 60 months.

At the time of sentencing, Mr. Castelli had 3 criminal history points and received an additional 2 "status points" pursuant to U.S.S.G. § 4D1.1(d), because he was on supervised release when he committed the offense in this case. This resulted in a total criminal history score of 5 and placed him in criminal history category III. His final guidelines range was 57 to 71 months of incarceration before accounting for the applicable mandatory minimum. After Mr. Castelli's sentencing, the Sentencing Commission amended the Sentencing Guidelines, including the provision that provided Mr. Castelli with two additional "status points." Under the amended version of U.S.S.G. § 4D1.1(d)—which is now § 4A1.1(e)—a criminal defendant with 6 or fewer criminal history points will no longer receive additional "status points" for committing a crime while on supervised release. *See* U.S.S.G. § 4A1.1(e). That amendment took effect on November 1, 2023, and it applies retroactively.

On January 29, 2024, Mr. Castelli filed a *pro se* Motion For Reduction In Sentence Pursuant To 18 U.S.C. § 3582(c)(2), in which he argued that Judge Surrick should reduce

2

his sentence in light of the change to the Sentencing Guidelines. Without the additional 2 status points, Mr. Castelli would have a criminal history score of 3, putting him in criminal history category II. Thus, his guideline range has decreased from 57 to 71 months to 51 to 63 months before accounting for the applicable mandatory minimum. The Government opposed Mr. Castelli's motion, which is ripe for review.[1]

## II.    LEGAL STANDARD

Generally, a judge "may not modify a term of imprisonment once it has been imposed …." 18 U.S.C. § 3582(c). However, one exception to that rule permits a judge to reduce a defendant's "term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission …." 18 U.S.C. § 3582(c)(2). Determining whether an amendment warrants a retroactive reduction is a two-step process. *Dillon v. United States*, 560 U.S. 817, 826 (2010). A judge must first consider whether a reduction is consistent with the Sentencing Commission's policy statements set forth in U.S.S.G. § 1B1.10. *Id.* If so, then the judge "may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Id.*

---

[1] On November 7, 2025, while Mr. Castelli's Motion was pending, the Chief Judge reassigned this case to me.

## III. DISCUSSION

Mr. Castelli is ineligible for a sentence reduction because: (A) his term of imprisonment was not "based on" a sentencing range that the Sentencing Commission lowered; and (B) a reduction in defendant's sentence would be inconsistent with the Sentencing Commission's policy statements, in any event.

A sentence imposed pursuant to a C-plea—like Mr. Castelli's—"is 'based on' the defendant's Guidelines range so long as that range was part of the framework the district court relied on in imposing the sentence or accepting the agreement." *Hughes v. United States*, 584 U.S. 675, 685 (2018). Based on the record before me, there is no evidence that Judge Surrick relied on Mr. Castelli's Guidelines range when he accepted the C-plea. At most, he noted that the pre-sentence report reflected a Guidelines range of 57 to 71 months, but he also noted that the plea agreement "call[ed] for a specific sentence of 60 months incarceration," which he determined to be "a perfectly reasonable sentence." (Tr. 12:6-13.[2]) In other words, though Judge Surrick mentioned the Guidelines range, it was not part of the framework he used to determine whether to accept the plea. Instead, by accepting the C-plea and imposing the mandatory minimum, Judge Surrick "scrapped" the range. *Koons v. United States*, 584 U.S. 700, 705 (2018). Thus, Mr. Castelli's Guidelines range did not "form[] the 'basis for the sentence that [Judge Surrick] imposed,'" *id.*

---

[2] All citations to "Tr." refer to the transcript of the sentencing hearing on May 26, 2022.

(quotation omitted), and Mr. Castelli cannot receive a sentence reduction under 18 U.S.C. 3582(c)(2).[3]

Even if Mr. Castelli's Guidelines range informed Judge Surrick's decision to accept the C-plea, Mr. Castelli's present motion would still fail because a reduction in sentence under these circumstances would be inconsistent with the Sentencing Commission's policy statements set forth in U.S.S.G. § 1B1.10. *Dillon*, 560 U.S. at 826. The Third Circuit has opined that "the Sentencing Commission's commentary to the policy statement in § 1B1.10 … strongly suggests that a sentence reduction is not authorized where a defendant is subject to a mandatory minimum sentence[.]" *United States v. Flemming*, 617 F.3d 252, 265 (3d Cir. 2010). Indeed, the commentary states that:

> [A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if … an amendment … is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (**e.g., a statutory mandatory minimum term of imprisonment**).

U.S.S.G. § 1B1.10 cmt. 1(A)(ii) (emphasis added). That makes complete sense because where, as here, there is a mandatory minimum, a judge cannot reduce a defendant's sentence further. Thus, regardless of the amendment to U.S.S.G. § 4D1.1(d) (now §

---

[3] Other judges have reached the same conclusion in other cases involving mandatory minimums. *See, e.g.*, *United States v. Michael*, 767 F. App'x 328, 330 (3d Cir. 2019); *United States v. Gonzalez-Colon*, No. 16-cr-124, 2024 WL 2092995, at *4 (E.D. Pa. May 9, 2024); *United States v. Bane*, No. 19-cr-165, 2024 WL 3345645, at *2 (W.D. Pa. July 9, 2024).

4A1.1(e)), Mr. Castelli's applicable Guidelines range cannot go lower than 60 months. Because he cannot prevail at the initial step of the 3582(c)(2) inquiry, I need not consider whether the factors set forth in 18 U.S.C. § 3553(a) warrant a reduction.

## IV.     CONCLUSION

Mr. Castelli has not demonstrated that he is entitled to a reduction in his sentence, so I will deny his Motion. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

November 25, 2025